TRINA A. HIGGINS, United States Attorney (#7349)
MARK Y. HIRATA, Assistant United States Attorney (#5087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK NICHOLAS NIKOLS,<br><br>Defendant. | Case No. 2:22-cr-00241-HJN<br><br>UNITED STATES' MOTION FOR DETENTION<br><br>Judge Howard C. Nielson Jr.<br>Magistrate Judge Jared C. Bennett |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id.* The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id.* The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

### Nature and Circumstances of the Offense

### Child Molestation Call on 10/9/2021 at Defendant's Residence

On **10/9/2021**, **American Fork P.D. (AFPD) officers** responded to a call indicating that

a father was actively molesting his minor female daughter. Upon arrival at 55 South 640 East in American Fork, Utah 84003, an adult male was detained and later identified as Erik Nicholas Nikols (NIKOLS).

**Interview of Defendant's Wife**

Officers interviewed Mary Nikols (Mary), who had observed the incident and called in the complaint. Mary explained she heard the bed in her and NIKOLS' master bed squeaking and thought one of their four children was jumping on the mattress. Mary went upstairs, entered the master bedroom, and observed NIKOLS lying on his right side under the comforter. Mary pulled on the comforter, removed it from the bed, and found their 11-year old special needs daughter,[1] Athena Nikols (A.N.), lying on her right side in front of NIKOLS. She also observed A.N.'s pants pulled down, exposing her buttocks. Although Mary did not observe NIKOLS with exposed genitalia, he was wearing loose pajama bottoms with an opening in the front.

NIKOLS got off the bed and went into the bathroom, telling Mary, "it's not what you think" and "please" multiple times. Mary observed A.N. stand up and pull her pants back up. Mary then went into the bathroom and began striking NIKOLS, asking him what he was doing to A.N. Mary told NIKOLS she was going to call the police. NIKOLS responded if she would put the phone down, he would tell her everything. NIKOLS then made several statements to Mary, including "I am a child molester" and "I should just kill myself." Mary responded that did not tell her anything. NIKOLS responded, "it doesn't matter now."

Mary further advised that for several years A.N. had told her on multiple occasions that NIKOLS had put his penis into her mouth. Because N.A. has a very difficult time communicating, Mary dismissed N.A.'s accusations, believing instead that N.A. had just been watching something involving oral sex on television or on NIKOLS' computer. After finding NIKOLS and N.A. under the comforter together with N.A.'s clothes off, Mary now believed N.A.'s prior statements to be true. While confronting NIKOLS in the bathroom, Mary asked if N.A.'s statements were true that NIKOLS had placed his penis in her mouth. NIKOLS responded, "Sometimes yes and sometimes no."

Mary also advised officers she knows NIKOLS watches pornography and lies to her about it. Although Mary had seen advertisements for "schoolgirl porn" on NIKOLS's computers and phone, she was unable to confirm the images she saw were of minor children.

**Defendant's Devices**

As A.N. was interviewed, Mary discussed with law enforcement the possibility of

[1] A.N. suffers from an anxiety disorder and has the mental capabilities of a four to five-year old child.

NIKOLS bailing out, returning home, and destroying any evidence linking him to child pornography. Mary further advised she would secure **NIKOL's laptop and cellphone** provide them to the AFPD. On **10/10/2021**, acting at Mary's request, an AFPD officer picked up NIKOLS' laptop and cellphone. On **10/11/2021**, Mary contacted AFPD dispatch, expressing her desire to hand over a **16GB Sandisk thumb drive** she had found when she went through NIKOLS' car. Mary had checked the thumb drive and discovered video files that had titles consistent with child pornography, including references to seven, eight, and nine-year-olds, and pornographic descriptions like "hymen," "anal," "vaginal sex," and similar descriptions. AFPD took possession of the thumb drive. State search warrants were obtained for the foregoing three devices. On **10/23/2021**, Mary contacted AFPD dispatch, expressing her desire to hand over a **Micro SD card** she had found when she searched NIKOLS' desk drawer. An expanded state search warrant was thereafter obtained.

**Federal Search Warrants to Review Defendant's Devices**

On **10/19/2021**, the AFPD contacted HSI Special Agent Burnette and requested HSI assistance to provide investigative and computer forensic assistance with their investigation. On **11/23/2021**, a federal search warrant was obtained to examine the above four devices and executed on **11/29/2021**, yielding the following results:

**HP Pavilion Laptop**

Agent Tracy obtained a forensic image of the HP laptop and proceeded with an examination. Based on Project Vic hash matches, a forensic examination of the **laptop drive** yielded approx. **87 images/videos** classified as "Child Abuse Material," including the following representative examples:

- File name: Valya01 (shakes tight ass, beats off).avi; Length: approx. 6 mins, 32 secs. Description: This video depicts what appears to be a prepubescent female (approx. between the ages of 6-8 years old ) wearing only a silver halter top. The child has silver-colored underwear down around her knees, exposing her vagina to the camera. The child then moves directly in front of the camera and begins to rub her vagina. The child then lays down on a bed in the room and begins masturbating with her right hand. At another point, the camera zooms in on the child's vagina while lying on the bed. The camera then zooms in on the child's anus.

- File name: Valya15 (8Yo Mouthfucked, Makes Daddy Cum).avi; Length: approx. 16 mins, 9 secs. Description: This video depicts what appears to be a prepubescent female (approx. between the ages of 6-8 years old ) wearing pink underwear lying in a bed with pink colored sheets. At one point an adult male moves next to the child and pulls her underwear down exposing her vagina to the camera. The adult

male then lays next to her and inserts his erect penis into the child's mouth. At one point the adult male appears to attempt to vaginally rape the child. After the attempted rape, the camera zooms in on the child's exposed vagina. The adult male then lays next to the child again and begins masturbating with one hand and rubbing the child's vagina with the other. At a certain point the adult male ejaculates all over the child's vaginal region.

**16GB Sandisk Thumb Drive**

Agent Tracy also obtained a forensic image of the Sandisk thumb drive. Based on Project Vic hash matches, a forensic examination of the **16GB Sandisk thumb drive** yielded approx. **34 images/videos** classified as "Child Abuse Material," including the following representative examples:

- File name: Valya15 (8Yo Mouthfucked, Makes Daddy Cum).avi; Length: approx. 16 mins, 9 secs. Description: This the same video above found on NIKOLS' laptop, providing a direct link between the laptop and thumb drive.
- File name: Valya13.avi; Length: approx. 25 mins, 15 secs. Description: This video depicts what appears to be a prepubescent female (approx. between the ages of 6-8 years old ) wearing a "French Maid" type costume. The child is lying next to an adult male who has his erect penis exposed. The child proceeds to place a condom on the male's penis and the male then inserts his erect penis into the child's mouth. The child alternates between masturbating the adult male and placing his erect penis in her mouth. At one point, the child goes down on her hands and knees on the bed and the adult male masturbates and ejaculates onto the child's buttocks.

**Galaxy S8+ Cellphone**

On **2/7/2022**, a follow up search warrant was obtained for NIKOLS' cellphone and extraction thereafter obtained by the RCFL. On **3/1, 3/4, and 3/5/2022**, Agent Burnette examined the extraction and did not find any child sexual abuse images or videos. However, using the search terms "daddy", "daughter", "anal", "sex", and "fuck", Agent Burnette discovered the following searches on NIKOLS' phone:

**Internet Search through Chrome Browser**

Agent Burnette found approximately **27 searches** using various search terms, including:

"father and daughters caught"
"daddys lil angel full length"
"daddy anal"
"father affair"
"family manipulation porn"

**Web Bookmarks**

Agent Burnette also found approximately **30 web bookmarks**, including:

"Daddy Brutally Fucks Daughter Who Didnt Expect Him To Come|Upornia.com"
"Daughter slut-shamed by dominant dad - HdZog - Free XXX HD, High Quality Sex Tube"
"My daughter's first anal - HdZog - Free XXX HD, High Quality Sex Tube"
"Daddy and Daughter POV Anal Sex - PornZog Free Porn Clips"
"Daddy Please Fill My Ass My Virgin Daughter First Time Anal|FamilyPorn.tv"

**Web History Searches**

Agent Burnette also found approximately **35 web history searches**, including:

"https://www.porndex.com/dad+daughter+anal?p=5"
"https://hclips.com/videos/3892672/dad-fucks-daughter-whenever-he-wants/?promo=10720"
"https://familyporn.tv/videos/daddy-plays-with-horny-daughters/"
"https://familyporn.tv/videos/daddy-please-fill-my-ass-my-virgin-daughter-first-time-anal/"
"https://familyporn.tv/videos/bad-daughter-seduces-dad/"

**Victim Notification**

☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: unknown.

☐ The victim(s) in this matter seek(s) a no contact order.

☐ This matter does not involve a victim requiring notification.

DATED this 6th day of July, 2022.

*/s/ Mark Y. Hirata*

MARK Y. HIRATA
Assistant United States Attorney